IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01843-BNB

DAVID HOVER,

    Plaintiff,

v.

STATE OF COLORADO,
DEPARTMENT OF HUMAN SERVICES,
DIVISION OF SUPPORT ENFORCEMENT,
SAL SELDEN,
N. RHOADS,
T. TOW,
JOHN DOE, aka JONESY, and
ARAPAHOE COUNTY JAIL, et al.,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV - 7 2006

GREGORY C. LANGHAM
CLERK

---

ORDER TO FILE SECOND AMENDED COMPLAINT AND TO SHOW CAUSE

---

Plaintiff David Hover currently is incarcerated at the Arapahoe County Detention Facility in Brighton, Colorado. He filed *pro se* an amended complaint pursuant to 42 U.S.C. § 1983 (2003), 28 U.S.C. § 1343 (1993). The Court must construe the amended complaint liberally because Mr. Hover is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Hover will be ordered to file a second amended complaint and to show cause why the amended complaint should not be dismissed for failure to exhaust the DOC's three-step administrative grievance procedure.

The Court has reviewed the amended complaint and has determined that the complaint is deficient because it fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. **See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. **See TV Communications Network, Inc. v. ESPN, Inc.**, 767 F. Supp. 1062, 1069 (D. Colo. 1991), **aff'd**, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Hover's amended complaint does not include a short and plain statement of his claims showing that he is entitled to relief in this action. **See** Fed. R. Civ. P. 8(a)(2). In fact, Mr. Hover fails to assert any claims in the amended complaint. Instead, he has violated D.C.COLO.LCivR 10.1 concerning format and copies of papers presented for

filing by papering the Court with almost-illegible letters and amendments that are single spaced and written in pencil, sometimes on both sides of a page. Rather than summarizing each claim succinctly, Mr. Hover apparently expects the Court to piece together his claims from the complaint he originally filed and from his letters and amendments, and to speculate who is being sued for what and how his constitutional rights have been violated. That is not the Court's job. It is Mr. Hover's responsibility to edit and organize his claims and supporting allegations into a manageable format. Neither the defendants nor the Court is required to do this work for him. Mr. Hover must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights. Mr. Hover's amended complaint also fails to include a request for relief. *See* Fed. R. Civ. P. 8(a)(3).

In the second amended complaint he will be directed to file, Mr. Hover must assert clearly each defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. *See **Bennett v. Passic**,* 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right. *See **Kentucky v. Graham**,* 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See **Butler v. City of Norman**,* 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable merely because of his or her supervisory position. *See **Pembaur v. City of Cincinnati**,*

475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Mr. Hover may use fictitious names, such as "John Doe" and "Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Hover uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the amended complaint does not meet the requirements of Fed. R. Civ. P. 8 and that Mr. Hover should be given an opportunity to file a second amended complaint. He will be directed to do so below.

Mr. Hover is advised that he must provide sufficient copies of the second amended complaint to serve each named defendant. The Court will not make the copies necessary for service. Therefore, Mr. Hover should review his claims carefully to ensure that each named defendant personally participated in the asserted constitutional violations.

In addition, it is not at all clear whether Mr. Hover has exhausted each of his claims through the detention facility's grievance system. Pursuant to 42 U.S.C. § 1997e(a) (Supp. 2006), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." An inmate must exhaust administrative remedies before seeking judicial relief

4

regardless of the relief sought and offered through administrative procedures, **see Booth v. Churner**, 532 U.S. 731, 739 (2001), and regardless of whether the suit involves general circumstances or particular episodes. **See Porter v. Nussle**, 534 U.S. 516, 532 (2002).

Mr. Hover is a prisoner confined in a correctional facility. The claims he is attempting to assert appear to relate to prison conditions. Therefore, he must exhaust the available administrative remedies. Furthermore, 42 U.S.C. § 1997e(a) "imposes a pleading requirement on the prisoner." **Steele v. Fed. Bureau of Prisons**, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Hover must "either attach copies of administrative proceedings or describe their disposition with specificity." **Id.** at 1211. Finally, § 1997e(a) imposes a total exhaustion requirement on prisoners. **See Ross v. County of Bernalillo**, 365 F.3d 1181, 1189 (10th Cir. 2004). If Mr. Hover has failed to exhaust administrative remedies for any one of his claims, the entire amended complaint must be dismissed. Therefore, Mr. Hover will be ordered to show cause why the amended complaint should not be dismissed for failure to exhaust the detention facility's administrative grievance procedure. Accordingly, it is

ORDERED that Mr. Hover file **within thirty (30) days from the date of this order** a second amended complaint that complies with the directives in this order and that shows cause why the amended complaint should not be dismissed for failure to exhaust the Adams County Detention Facility's administrative remedy procedure. It is

5

FURTHER ORDERED that the second amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Hover, together with a copy of this order, two copies of the following form to be used in submitting the second amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Hover submit sufficient copies of the second amended complaint to serve each named defendant. It is

FURTHER ORDERED that, if Mr. Hover fails to comply with this order to the Court's satisfaction within the time allowed, the amended complaint and the action will be dismissed without further notice.

DATED November 7, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 06-cv-01843-BNB

David Hover
Prisoner No. 0500014803
Adams County Detention Facility
PO Box 5001 - C343
Brighton, CO 90601

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 11/7/06

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk